UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| EDWARD LEWIS BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:06-cr-00071-SM-2 |
| v. | ) | 1:09-cr-00030-GZS-1 |
| | ) | 1:16-cv-00083-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Edward Lewis Brown, has moved, citing 28 U.S.C. § 2241, for a writ of habeas corpus. (Motion, ECF No. 12.) Petitioner cites *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), as one of his bases for relief. (Motion at 10.) Because Petitioner remains in custody serving the sentence on one of the two underlying criminal judgments challenged in the pending petition, the motion is in substance a 28 U.S.C. § 2255 motion, to vacate, set aside or correct Petitioner's sentence.[1]

The Court appointed counsel to conduct an initial review to assess whether Petitioner may qualify for relief under either section 2241 or 2255 in light of *Johnson*. (Order, ECF No. 19.) The Court has ordered counsel to notify the Court when the review is completed and, if appropriate, file a supplemental motion for relief based on *Johnson*. (*Id.*)

---

[1] *See Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) ("A close analysis of the substance of the petition in this case leaves no doubt but that, regardless of its label, the petition falls within the compass of section 2255. On its face, the petition is brought on behalf of a federal prisoner still in custody and challenges his sentence as unauthorized under the statutes of conviction.")

Based on a review of the record, the pending section 2255 motion is a second or successive motion subject to the gatekeeping requirements of 28 U.S.C. §§ 2244(b)(3), 2255(h). Accordingly, as explained below, I recommend the Court transfer the matter to the First Circuit.

## DISCUSSION

Petitioner is in custody pursuant to the judgment and sentence in *United States v. Brown*, No. 1:09-cr-00030-GZS (D. N.H. Jan. 11, 2010). In that case, Petitioner was convicted of multiple counts, including conspiracy to prevent federal officers from discharging their duties, 18 U.S.C. § 372; conspiracy to commit an offense against the United States, 18 U.S.C. §§ 371, 111(a)(1) & (b); carrying and possessing a firearm/destructive device in connection with a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), 924(c)(1)(B)(ii), 921(a)(3), (4), 2; felon in possession, 18 U.S.C. §§ 922(g)(1), 924(a)(2); obstruction of justice, 18 U.S.C. §1503; failure to appear for trial, 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii); and failure to appear for sentencing, 18 U.S.C. §3146(a)(1), (b)(1)(A)(ii). (Judgment, ECF No. 243 at 2.) The Court sentenced Petitioner to a total term of 444 months. (*Id.* at 3.) The First Circuit affirmed the conviction. *United States v. Brown*, 669 F.3d 10 (1st Cir. 2012).[2]

Petitioner's prior section 2255 motion in the case docketed at No. 1:09-cr-00030-GZS was filed on February 1, 2016. (ECF No. 290.) On February 11, 2016, the Court denied the motion

---

[2] Petitioner is not in custody with respect to *United States v. Brown*, No. 1:06-cr-00071-SM (D. N.H. Apr. 24, 2007), which is the other criminal judgment cited in the pending section 2255 motion. In that case, Petitioner was convicted of conspiracy to defraud the United States, 18 U.S.C. § 371; conspiracy to structure financial transactions, 18 U.S.C. 371; and aiding and abetting structuring transactions to evade reporting requirements, 31 U.S.C. §§ 5324(a)(3), 5325, 18 U.S.C. § 2. (Judgment, ECF No. 173 at 1.) The Court sentenced Petitioner to a total term of 63 months. (*Id.* at 2.) The First Circuit dismissed the appeal for lack of diligent prosecution, in accordance with Loc. R. 3.0(b). (ECF No. 266.) Petitioner filed a motion to vacate the sentence. (Motion, ECF No. 331.) On February 11, 2016, the Court denied Petitioner's section 2255 motion by an endorsed order, stating: "Petitioner has fully served the sentence imposed in this case and so is not 'in custody' for the purpose of establishing federal habeas jurisdiction . . ., and, the petition is untimely in that it is filed beyond the applicable one-year limitations period." (Docket Sheet.)

by an endorsed order that states "denied." Petitioner filed the pending motion on February 29, 2016.

"'[A] numerically second petition is not "second or successive" if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.'" *United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999) (quoting *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997)). Although the Court's February 1, 2016, decision does not explicitly state that the denial was on the merits, a review of the motion reveals that the Court denied the motion because the asserted claims plainly lacked merit. More specifically, Petitioner argued that the case caption in capital letters affected the Court's authority and jurisdiction; that Petitioner is not a United States citizen, but rather a private citizen; that counsel continued to represent Petitioner after the Court denied counsel's motions to withdraw; that the Court erred in deciding unspecified evidentiary issues; that the Court erred in telling the jury that the Court determined issues of law and the jury determined issues of fact; that the Court erred by not including Petitioner in sidebar conferences; and that Petitioner may challenge the judgment because he did not personally conduct cross-examination. (Motion, ECF No. 290 at 1-3.) Given the nature of Petitioner's arguments and the fact the Court cited no procedural basis for its denial of Petitioner's motion, one can reasonably conclude the Court's denial was on the merits of the motion.

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Section 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held:

"We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals no evidence that Petitioner has applied to the First Circuit for permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255.

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[3] The issue, therefore, is whether the Court should dismiss or transfer the matter.

Given that Petitioner relies on the Supreme Court's ruling in *Johnson* to support his motion and given that the one year limitations period for filing *Johnson*-related motions might soon expire,

---

[3] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. If the petition is transferred, the petitioner must file a motion meeting the substantive requirements of Loc. R. 22.1(a) within 45 days of the date of notice from the clerk of the court of appeals that said motion is required. If the motion is not timely filed, the court will enter an order denying authorization for the § 2254 or § 2255 petition.

4

transfer is appropriate. *See United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (holding that transfer is not mandated, but noting "that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues"); *In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015) (noting that the district court had transferred to the circuit court, pursuant to section 1631, a second or successive section 2255 motion containing a claim under *Johnson*, 135 S. Ct. 2551, for the circuit court to consider whether to authorize the motion as a second or successive section 2255 motion).[4]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court transfer the pending section 2255 motion to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e). If the Court adopts the recommendation, I recommend that the Court direct counsel to address any further *Johnson*-based requests to the First Circuit, pursuant to the appropriate sections of 28 U.S.C. §§ 2244, 2255, notwithstanding this Court's order (ECF No. 19) that he notify this Court of the results of his *Johnson* review, and notwithstanding this Court's order (*id.*) that he file in this Court any supplemental motion for relief based on *Johnson*.

I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[4] Because the transfer statute, 28 U.S.C. § 1631, specifically provides that the "action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred," the transfer recommendation anticipates that if the First Circuit authorizes Petitioner's second or successive section 2255 motion after the expiration of the one-year limitation period, Petitioner's section 2255 motion would be reinstated to this Court's docket and would be considered to have been timely filed.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of June, 2016.